TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432/1259
     Facsimile: (213) 894-6269
     E-mail:    ranee.katzenstein@usdoj.gov
                alexander.schwab@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>FONTRELL ANTONIO BAINES,<br>   aka "Nuke Bizzle,"<br><br>             Defendant. | No. CR 21-379-MWF<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 12-01-21<br>**PROPOSED TRIAL DATE:** 06-21-22 |

   Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Ranee A. Katzenstein and Alexander B. Schwab, and defendant Fontrell Antonio Baines ("defendant"), both individually and by and through his counsel of record, Ashley S. Mahmoudian, hereby stipulate as follows:

   1.   The Indictment in this case was filed on August 17, 2021. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 26, 2021. The

1. Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 4, 2022.

2. On October 26, 2021, the Court set a trial date of December 1, 2021, and a status conference date of November 15, 2021.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two days.

4. By this stipulation, defendant moves to continue the trial date to June 21, 2022, and the status conference to June 6, 2022. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with unlawful possession of a firearm and ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g). The discovery was previously produced as part of defendant's fraud prosecution in United States v. Baines, No. CR 20-522-MWF.

    b. Additionally, defense counsel is currently scheduled to be in trial on the following dates: on December 14, 2021, in United States v. Alcharihi, 20-cr-00307-GW; on February 1, 2022, in United States v. Cajas, 20-cr-00340; on February 22, 2022, in United States v. Owings, 20-cr-00135-FMO; on April 5, 2022, in United States v. Maxey, 20-cr-00609-MWF; and on October 4, 2022, in United States v. Zavala, 19-cr-00676-FMO.

    c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for

potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

       e.    The government does not object to the continuance.

       f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 1, 2021, to June 21, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 4, 2021         Respectfully submitted,

                                TRACY L. WILKISON
                                Acting United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                      /s/
                                _____
                                RANEE A. KATZENSTEIN
                                ALEXANDER B. SCHWAB
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

//

//

4

I am FONTRELL ANTONIO BAINES's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 21, 2022, is informed and voluntary.

| | |
|---|---|
| /s/ (authorized by email) | 11/4/2021 |
| ASHLEY S. MAHMOUDIAN | Date |
| Attorney for Defendant | |
| FONTRELL ANTONIO BAINES | |

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 21, 2022.

| | |
|---|---|
| [signature] | 11-4-2021 |
| FONTRELL ANTONIO BAINES | Date |
| Defendant | |